# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2157 | **DATE** | 10/20/2004 |
| **CASE TITLE** | McDaniel vs. Universal Fidelity | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Fairness hearing set for 01/27/05 at 10:00 a.m. Status hearing set for 10/21/04 is stricken. For the reasons stated in the attached memorandum opinion, plaintiff's motion for preliminary approval of class action settlement and notice to the class is granted. No later than 01/25/05, the parties shall file and notice up for hearing the appropriate motion for final approval of the settlement for 01/27/05. Enter Memorandum Opinion.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 21 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| GEORGIA MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 2157 |
| ) | |
| ) | OCT 2 1 2004 |
| UNIVERSAL FIDELITY ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Georgia McDaniel's ("McDaniel") and Defendant Universal Fidelity Corporation's ("Universal") motion for preliminary approval of class action settlement agreement and notice to the class. For the reasons stated below, we grant the motion.

## BACKGROUND

McDaniel contends that in November of 2003, Universal sent her two collection letters regarding debt incurred for personal, family, or household purposes. The first letter informed McDaniel that Universal would be collecting the

debt and informed McDaniel of the amount of debt. The second letter, which McDaniel contends was improperly sent within 30 days after the original letter, informed McDaniel that if she did not pay the owed balance within a week, Universal would assume that she did not intend to resolve the "matter amicably." McDaniel contends that by sending the second letter within 30 days of the first letter, Universal did not comply with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The parties now seek preliminary class certification and an approval of the class action settlement agreement.

## LEGAL STANDARD

A plaintiff may seek to proceed with his suit as a class action pursuant to Federal Rule of Civil Procedure 23 which states in part as follows:

> **(a) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
> **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> **(1)** the prosecution of separate actions by or against individual members of the class would create a risk of A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or **(B)** adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their

interests; or

**(2)** the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

**(3)** the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. . . .

Fed. R. Civ. P. 23. All four of the requirements listed in Rule 23(a) are "prerequisites to certification [and] failure to meet any one of them precludes certification as a class." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

A court may order some discovery to assist the court in making a class certification determination and conduct an inquiry for class certification matters, but the court does not have "any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A*, 657 F.2d 890, 895-96 (7th Cir. 1981)(quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)). The court's inquiry in making a class certification determination is limited to inquiring "into whether plaintiff is asserting a claim which, assuming its merit,

will satisfy the requirements of Rule 23 as distinguished from an inquiry into the merits of plaintiff's particular individual claim." *Id.* While the issues concerning class certification are "'enmeshed in the factual and legal issues comprising the plaintiff's cause of action' . . . [s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Retired Chicago Police Ass'n*, 7 F.3d at 598-99 (quoting noted in *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978)). The Seventh Circuit acknowledges that the "boundary between a class determination and the merits may not always be easily discernible." *Id.* (quoting *Eggleston*, 657 F.2d at 895).

In determining whether or not class certification is appropriate a court should not merely accept the plaintiff's allegations as true. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001)(stating that "[t]he proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it."). The reason for this distinction between a class certification motion and a 12(b)(6) motion to dismiss is that "a motion to dismiss tests the legal sufficiency of a pleading [and] [i]ts *factual* sufficiency will be tested later--by a motion for summary judgment under Rule 56, and if necessary by trial[, but] an order certifying a class usually is the district judge's last word on the subject [and] there is no later test of the

4

decision's factual premises...." *Id.* Therefore a district court is obligated, "[b]efore deciding whether to allow a case to proceed as a class action ... [to] make whatever factual and legal inquiries are necessary under Rule 23." *Id.* at 676. The Seventh Circuit stated for example, that if a "plaintiff alleged that the class had 10,000 members, making it too numerous to allow joinder, ... while the defendant insisted that the class contained only 10 members[, a] judge would not and could not accept the plaintiff's assertion as conclusive; instead the judge would receive evidence (if only by affidavit) and resolve the disputes before deciding whether to certify the class." *Id.*

A class action is "appropriate and is permitted by Rule 23 when the judicial economy from consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for decision by a single judge or jury." *Mejdrech v. Met-Coil Systems Corp.*, 319 F.3d 910, 911 (7th Cir. 2003). A district court has "broad discretion" in determining whether to grant or deny class certification. *Retired Chicago Police Ass'n*, 7 F.3d at 596. The party moving for class certification has the burden of establishing that a class action is appropriate. *Id.*; *Eggleston*, 657 F.2d at 895.

## DISCUSSION

Universal has joined in the motion for preliminary approval of class action settlement agreement and notice to the class and Universal concedes that class

certification is appropriate for settlement purposes. Based on the allegations and exhibits presented by McDaniel, it is reasonable to infer that there are sufficient class members to satisfy the numerosity requirement. The parties in fact agree that the proposed class consists of approximately 2,821 individuals. The issue concerning whether or not Universal violated the FDCPA by sending similar form letters in similar time frames to other debtors involves common issues of fact and law. Likewise, McDaniel's claim would be typical of other potential class members. McDaniel's counsel has shown that counsel possesses sufficient qualifications to represent the class and that McDaniel's interests are not antagonistic to the class. We also find that the issues of law and fact common to class members in this action predominate over those pertinent for individual class members. A class action would be the most efficient manner to resolve the class members' claims against Universal and thus a class action is the superior method for resolving this controversy. McDaniel and Universal ask the court for preliminary certification of a class consisting of: "All natural persons with Illinois addresses who were sent an initial demand letter similar to Exhibit A to the Complaint, followed within less than 30 days by a letter in the form similar to Exhibit B to the Complaint, which second letter was sent on or after March 23, 2003." We find that the class is appropriate and we grant the motion for preliminary class certification for settlement purposes.

McDaniel is ordered to mail the agreed notice of the proposed settlement to all members of the class by December 15, 2004. The notice should inform members of

the class that by January 14, 2005, they must: 1) exclude themselves from the proposed class action and settlement, and/or 2) submit all comments upon or objections to the proposed class settlement. The notice should also inform the members of the class that on January 27, 2005, we shall conduct a fairness hearing regarding the proposed settlement at 10:00 a.m. The parties should notice up before the court on January 25, 2005, a motion for final approval of the settlement. We shall rule on the motion for final approval of the class settlement by mail after the fairness hearing.

## CONCLUSION

Based on the foregoing analysis, we grant the parties' motion for preliminary approval of class action settlement agreement and notice to the class.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 20, 2004